## UNITED STATES BANKRUPTCY COURT FOR
## THE SOUTHERN DISTRICT OF FLOIRDA

IN RE:                                         Case No. 19-22483-RBR

Costa Hollywood Property Owner, LLC      Chapter 11

_____/

### MOTION FOR RELIEF FROM AUTOMATIC STAY

> **Any interested party who fails to file and serve a written response to this motion within fourteen (14) days after the date of service stated in this motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

Pamela Terry (hereinafter referred to as "Movant"), by and through undersigned counsel, pursuant to 11 U.S.C. §362 and S.D. Fla. L.R. 4001-1, hereby files this Motion for Relief from Automatic Stay and in support thereof states as follows:

1. On September 19, 2019, a voluntary petition for bankruptcy was filed by the Debtor seeking protection under Chapter 7 of the Bankruptcy Code.

2. Prior to the petition for bankruptcy, Movant filed suit December 22, 2016, against Liberty Grande, LLC, ("Liberty Grande") in Broward County Circuit Court Case No.: CACE 16-023345.

3. Liberty Grande was the initial owner and developer of the residential condominium development knows as Costa Hollywood in Hollywood, Florida (the "Project"). In September 2014, Movant entered into a Purchase Contract with Liberty Grande to buy a unit at the project for $560,000,000. Movant paid the sum of $348,000.000, in deposits to Liberty toward the purchase of the unit.

4. On or about August 2015, there was a change of ownership of the Project, and Debtor became the owner of the Project.

5. Following the change in ownership of the Project, Debtor requested Movant to execute a new contract/addendum to the Purchase Contract extending the closing date. Movant declined to execute a new purchase contract with Debtor for the Unit. Movant then filed suit for the return of her deposit.

6. On or about August 24, 2017, the Movant, Liberty Grande, and Debtor entered into a Settlement Agreement pursuant to which Liberty Grande and Debtor agreed to pay Movant the sum of $393,000.00 as follows:

    a. Costa shall pay $373,000.00 on the earlier of seven (7) business days following the closing by Costa on the sale of the Unit to another buyer or by October 20, 2017, whichever is earlier.
    b. $20,000.000 within seven (7) business days after all of the existing lien holders identified have been paid, or the liens have been discharged or satisfied of record.

A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "A."**

7. On or about October 26, 2017, at the request of Liberty and Debtor, the parties entered into an Amendment of the Settlement extending the payment date to November 30, 2017, for the first installment of $373,000.00.

A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "B."**

8. Although the amount of $373,000.00 has been paid, Debtor and Liberty refuse to pay the remaining $20,000.00, and are in breach of the Settlement Agreement.

9. With respect to the failure to timely pay, Paragraph 7 of the Settlement Agreement specifically provides as follows:

> 7. If any payment due hereunder is not timely made by Costa in strict accordance with the terms set forth above, Costa and Liberty shall be in

2

default hereunder and the full remaining balance, less any payments actually made hereunder (the "Default Balance") shall become immediately due and payable.

8. Upon default Plaintiff shall be entitled to the entry of a final judgment for damages against Liberty and Costa, jointly and severally for the entire Default Balance then outstanding plus reasonable attorney's fees and costs in connection with the enforcement of this Agreement and any and all post judgment collection efforts, as all determined by the court in the lawsuit. Any judgment entered hereon shall also provide for interest at the maximum rate allowed by law from the date of default through actual satisfaction of the Judgment.

10. Accordingly, the Settlement Agreement requires upon default *both* Liberty Grande and Debtor to be jointly and severally liable for $20,000.00 plus interests, costs and attorney's fees.

11. As such, in an abundance of caution Movant is seeking relief from the automatic stay, or, in the alternative, an order by this Court that the automatic stay does not apply to the non-debtor Liberty Grande, LLC, to allow Movant to proceed against Liberty Grande, LLC, to recover the sums due to Movant pursuant to the Settlement Agreement.

12. Accordingly, it is appropriate that relief from stay be granted to the Movant.

WHEREFORE, the Movant, Pamela Terry, respectfully requests this Court to enter an Order:

    a. Granting Pamela Terry complete relief from the automatic stay to proceed solely against Liberty Grande, a non-debtor, and

    b. Granting Pamela Terry such further relief as this Court shall deem just and equitable.

IN RE:  Costa Hollywood Property Owner LLC
Case No. 19-22483 – RBR
Chapter 11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2019, a true and correct copy of the foregoing was served via CM/ECF electronic transmission to those parties who are currently on the list to receive e-mail notice and service of this case.

Respectfully submitted,
Robinson & Associates, P.A.
Attorneys for Pamela Terry, Creditor
1501 Venera Avenue, Suite 300
Coral Gables, Florida 33146
(305) 662-7618 Telephone
(305) 662-7617 Facsimile

By: _____
Raymond L. Robinson, Esq.
Florida Bar No.: 319228
ray@rrobinsonlaw.com
teri@rrobinsonlaw.com

4

"Proposed"

## UNITED STATES BANKRUPTCY COURT FOR
## THE SOUTHERN DISTRICT OF FLOIRDA

IN RE:                                              Case No. 19-22483-RBR

Costa Hollywood Property Owner, LLC                 Chapter 11

_____/

### ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

The movant by submitting this form of order having represented that the motion [D.E.  ] was served on all parties required by Local Rule 4000-1, that the 14-day response time provided by that rule has expires, that no one has filed, or served on the movant, a response to the motion, and that [either] the form of order was attached as an exhibit of the motion [or] the relief to be granted in order is the identical relief requested in the motion,"

IT IS ORDERED that:

1. Pamela Terry's Motion for Relief from Automatic Stay is **GRANTED.**

2.  Accordingly, Pamela Terry is granted complete relief from the automatic stay to proceed solely against Liberty Grande, LLC, a non-debtor, and grant such further relief as the Court deems just and proper.

# # #

Submitted by:

Robinson & Associates, P.A.
Attorneys for Pamela Terry, Creditor
1501 Venera Avenue, Suite 300
Coral Gables, Florida 33146
(305) 662-7618 Telephone
(305) 662-7617 Facsimile
Emails: ray@rrobinsonlaw.com
teri@rrobinsonlaw.com

*Attorney for Pamela Terry shall serve a copy of this Order on all interested parties and shall file a Certificate of Service.*

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE16023345

PAMELA TERRY

    Plaintiff,

v.

LIBERTY GRANDE, LLC, a Limited
Liability Company,

    Defendant.
_____/

## SETTLEMENT AGREEMENT

The Plaintiff, Pamela Terry, (hereinafter "Plaintiff"), the Defendant, Liberty Grande, LLC, a limited liability Company, (hereinafter "Liberty"), and additional non-party, Costa Hollywood Property Owner, LLC ("Costa"), hereby enter into this Stipulation for Settlement, and in support hereof state:

### WITNESSETH

**WHEREAS**, Liberty was the initial owner and developer of the residential condominium development known as Costa at Hollywood in Hollywood, Florida (the "Project");

**WHEREAS**, in September 2014, Plaintiff entered into a Purchase Contract (the "Contract") with Liberty to buy Unit N-407 at the Project for $560,000.00 (the "Unit");

**WHEREAS**, Plaintiff paid the sum of $348,000.00 in deposits to Liberty toward the purchase of the Unit;

**WHEREAS**, on or about August 2015, Costa, an affiliate and successor in interest to all of Liberty's rights, titles and interest, became the owner of the Project;



PLAINTIFF'S EXHIBIT A

Pamela Terry vs.<br>
Liberty Grande, LLC<br>
Case No.: CACE 16023345

WHEREAS, following the change in ownership of the Project, Terry declined to execute a new purchase contract with Costa for the Unit;

WHEREAS, through this lawsuit, Plaintiff has filed a breach of contract claim against Liberty alleging that Liberty is in material breach of the Contract and to recover monies which are allegedly due and owing to Plaintiff relating to the Contract, including the deposit;

WHEREAS, the parties are desirous of amicably settling and disposing of all claims, causes of actions and defenses that have been raised or that could have been raised by any of the parties to this Agreement in this lawsuit or otherwise;

WHEREAS, each party has consulted with and acknowledges that it has been fully and properly advised by counsel of its/their choice as to their respective rights and obligations with regard to the underlying claims and defenses and this Stipulation for Settlement.

NOW, THEREFORE, in consideration of the mutual promises, covenants, and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The foregoing recitals are true and correct and are adopted as part of this Stipulation for Settlement ("Agreement") as if fully set forth herein.

2. The Contract is deemed canceled, null, and void, and Plaintiff confirms that Costa was and is authorized to resell the Unit to another buyer.

3. Costa will pay the total sum of Three Hundred Ninety Three Thousand dollars ($393,000.00) to Plaintiff pursuant to the following payment schedule:

Pamela Terry vs.<br>
Liberty Grande, LLC<br>
Case No.: CACE 16023345

    a.    Costa shall pay $373,000.00 on the earlier of seven (7) business days following the closing by Costa on the sale of the Unit to another buyer or by October 20, 2017, whichever is earlier;

    b.    $20,000.00 within seven (7) business days after all of the existing lien holders identified on **Exhibit A** hereto have been paid, or the liens have been discharged or satisfied of record.

4.    All payments due hereunder must be received in the offices of RobinsonLaw, P.A. on or before 5:00 p.m. on the due date in the form of wire transfer to <u>RobinsonLaw, P.A.</u> <u>Trust Account</u>. Wire instructions attached as **Exhibit B**.

5.    Simultaneous with the execution of the Agreement the parties shall exchange mutual general releases that include release of all members, officers, directors, and agents of each other party. The mutual general release is attached hereto as **Exhibit C**.

6.    Within three (3) business days of the execution of the Agreement, the parties shall file in the lawsuit a Joint Stipulation and Order for dismissal of the Litigation with prejudice reserving jurisdiction to enforce the terms of the settlement agreement with the Court attached hereto as **Exhibit D**.

7.    If any payment due hereunder is not timely made by Costa in strict accordance with the terms set forth above, Costa and Liberty shall be in default hereunder and the full remaining balance, less any payments actually made hereunder (the "Default Balance") shall become immediately due and payable.

8.    Upon default Plaintiff shall be entitled to the entry of a final judgment for damages against Liberty and Costa, jointly and severally for the entire Default Balance then outstanding plus reasonable attorney's fees and costs in connection with the enforcement of this Agreement and any and all post judgment collection efforts, all as determined by the court in the

Pamela Terry vs.
Liberty Grande, LLC
Case No.: CACE 16023345

lawsuit. Any judgment entered hereon shall also provide for interest at the maximum rate allowed by law from the date of default through actual satisfaction of the Judgment.

9. The parties agree that this Court shall retain jurisdiction to enforce this Agreement.

10. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

11. No waiver or amendment of any provisions of this Agreement shall be effective unless it is in writing signed by the party against whom it is asserted, and any waiver provisions of this Agreement shall be applicable only to the specific instance to which it is related and shall not be deemed to be a continuing waiver.

12. This Agreement shall be binding upon and shall inure to the benefit of Plaintiff and Defendant and its respective heirs, legal representatives, successors in interest and assigns.

13. This Agreement shall be construed under and governed by the laws of the State of Florida.

14. In the event an action is brought to enforce the terms of this Agreement; the prevailing party shall be awarded its reasonable attorneys' fees and costs.

15. The parties hereby acknowledge and stipulate that they have read and understood this Agreement and that they agree to abide by the terms and conditions thereof.

16. The rights and obligations of the parties with respect to this Agreement and the enforcement hereof shall be governed by the laws of the State of Florida. The validity, performance, and all matters relating to the interpretation and effect of this Agreement shall be

Pamela Terry vs.<br>
Liberty Grande, LLC<br>
Case No.: CACE 16023345

governed by the laws of the State of Florida.

17. Nothing contained in this Agreement shall be construed against either party as a representation or admission of liability or concession of any matters as to any issue involved in the Action, or for any other purpose whatsoever.

18. All notices required or permitted to be given under this Agreement shall be in writing and shall be deemed delivered when personally delivered, received from an overnight delivery courier service, or emailed to the applicable addresses as follows:

> If to Plaintiff:
>
> Raymond L. Robinson, Esq.
> RobinsonLaw, P.A.
> 1501 Venera Avenue, Suite 300
> Coral Gables, Florida 33146
> ray@rrobinsonlaw.com
>
> If to Costa and/or Liberty:
>
> Alan J. Kluger, Esq.
> Josh M. Rubens, Esq.
> Kluger, Kaplan, Silverman, Katzen & Levine, P.L.
> Miami Center, Suite 2700
> 201 S. Biscayne Blvd.
> Miami, Florida 33131
> akluger@klugerkaplan.com
> jrubens@klugerkaplan.com

Pamela Terry vs.
Liberty Grande, LLC
Case No.: CACE 16023345

By: *(signature)*
    Pamela Terry

Date: 8/9/17

***ATTORNEYS FOR PLAINTIFF***

By: *(signature)*      Date: 8-14-17
    Raymond L. Robinson
Florida Bar No.
RobinsonLaw, P.A.
1501 Venera Avenue, Suite 300
Coral Gables, Florida 33146
Telephone: (305) 662-7618
Facsimile: (305) 662-7617

Pamela Terry vs.
Liberty Grande, LLC
Case No.: CACE 16023345

Liberty Grande, LLC

By: _____

Date: 8/11/2017

Costa Hollywood Property Owner, LLC

By: _____

Date: 8/11/2017

**ATTORNEYS FOR LIBERTY GRANDE, LLC AND COSTA HOLLYWOOD PROPERTY OWNER, LLC**

By: _____          Date: 8/11/17

Josh M. Rubens, Esq.
Kluger, Kaplan, Silverman,
Katzen & Levine, P.L.
201 S. Biscayne Boulevard
27th Floor
Miami, FL 33131
Telephone: (305) 341-3011
Facsimile: (305) 379-3428

## AMENDMENT TO SETTLEMENT AGREEMENT

This AMENDMENT TO SETTLEMENT AGREEMENT (the "**Amendment**") is entered on the date it is last executed by and among PAMELA TERRY ("**Terry**"), LIBERTY GRANDE, LLC ("**Liberty**"), and COSTA HOLLYWOOD PROPERTY OWNER, LLC ("**Costa**"). Terry, Liberty, and Costa are collectively referred to as the "Parties" and individually each is referred to as a "Party."

**WHEREAS**, on October 14, 2017, the Parties entered into the Settlement Agreement regarding the litigation captioned *Terry v. Liberty Grande, LLC*, Case No. CACE16023345 (Broward County Circuit Court) (the "**Agreement**");

**WHEREAS**, the Parties affirm that the Agreement is valid and in full force and effect;

**WHEREAS**, in light of delays to the Project[1] caused by Hurricane Irma, Liberty and Costa have requested an extension of time to make the first payment required under the Agreement;

**WHEREAS**, Terry agrees to provide Liberty and Costa with an extension of time to make the first payment required under the Agreement subject to the terms and conditions set forth below;

**WHEREAS**, each Party has consulted with and acknowledges that it has been fully and properly advised by counsel of its or their choice as to their respective rights and obligations with regard to this Amendment;

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. The foregoing recitals are true and correct and are adopted as part of this Amendment as if fully set forth herein.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings set forth in the Agreement.


PLAINTIFF'S EXHIBIT B

2. Paragraph 3(a) of the Agreement is hereby amended and restated as follows:

Costa shall pay $373,000.00 on the earlier of seven (7) business days following the closing by Costa on the sale of the Unit to another buyer or by November 30, 2017, whichever is earlier. The November 30, 2017 deadline may only be extended due to an adverse weather as a result of a named storm which proximately causes delay on the receipt of a temporary or partial certificate of occupancy. Costa and Liberty hereby waive all other force majeure rights or other defenses regarding such payment. Additionally, Costa shall use reasonable and diligent efforts to close the sale of Unit before any other units at the Project.

3. Counsel for Costa shall promptly provide written notice to counsel for Terry of the occurrence of the following events: (i) Costa's receipt of a partial or temporary certificate of occupancy for the Project, and (ii) Costa's sale of the Unit.

4. All other terms of the Agreement shall remain the same.

**[Signature pages to follow]**

IN WITNESS WHEREOF, the Parties hereto have caused this Amendment to be executed and delivered as of the later date set forth below.

**PAMELA TERRY**

*/s/ Pamela Terry*

Date: 10/26/17

**LIBERTY GRANDE, LLC**

By: _____

Print Name: _____

Title: _____

Date: _____

**COSTA HOLLYWOOD PROPERTY OWNER, LLC**

By: _____

Print Name: _____

Title: _____

Date: _____

בס"ד

IN WITNESS WHEREOF, the Parties hereto have caused this Amendment to be executed and delivered as of the later date set forth below.

PAMELA TERRY

_____

Date: _____

LIBERTY GRANDE, LLC

By: _____

Print Name: _Moses Bensusan_

Title: _Manager_

Date: _10/26/17_

COSTA HOLLYWOOD PROPERTY OWNER, LLC

By: _____

Print Name: _Moses Bensusan_

Title: _Manager_

Date: _10/26/17_

Page 3 of 3

IN WITNESS WHEREOF, the Parties hereto have caused this Amendment to be executed and delivered as of the later date set forth below.

**PAMELA TERRY**

*/s/ Pamela Terry*

Date: 10/26/17

**LIBERTY GRANDE, LLC**

By: _____

Print Name: _____

Title: _____

Date: _____

**COSTA HOLLYWOOD PROPERTY OWNER, LLC**

By: _____

Print Name: _____

Title: _____

Date: _____

בס"ד

IN WITNESS WHEREOF, the Parties hereto have caused this Amendment to be executed and delivered as of the later date set forth below.

**PAMELA TERRY**

Date: _____

**LIBERTY GRANDE, LLC**

By: _____

Print Name: Moses Bensusan

Title: Manager

Date: 10/26/17

**COSTA HOLLYWOOD PROPERTY OWNER, LLC**

By: _____

Print Name: Moses Bensusan

Title: Manager

Date: 10/26/17