UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:  Chapter 11

COSTA HOLLYWOOD PROPERTY OWNER, LLC   Case No. 19-22483-AJC

Debtor.
_____/

MAXCOM ADVISORS, LLC,

Plaintiff,

vs.

COSTA HOLLYWOOD PROPERTY OWNER, LLC,

Defendant.

_____/

**ADVERSARY COMPLAINT**

COMES NOW, MAXCOM ADVISORS, LLC, by and through undersigned counsel, sues COSTA HOLLYWOOD PROPERTY OWNER, LLC, and as grounds states as follows:

**JURISDICTION, VENUE AND PARTIES**

1. MAXCOM ADVISORS LLC, is a Florida Limited Liability Company authorized to do business in Broward County, Florida and the owner of 777 N Ocean Drive, Unit S210, Hollywood, Florida 33019.

2. Defendant, COSTA HOLLYWOOD PROPERTY OWNER, LLC, is a Delaware Limited Liability Company and the owner of the Shared Facilities at the Costa Hollywood Project.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Secs. 157 and 1334. This adversary proceeding is a non-core proceeding pursuant to 28 U.S.C. Sec. 157(c).

4. Venue is proper in this district pursuant to 28 U.S.C. Sec. 1409. Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court.

5. All conditions precedent to the filing of this action have been performed, excused or otherwise waived.

## PROCEDURAL BACKGROUND

6. COSTA HOLLYWOOD is a condominium hotel operating under Florida Statute 718 and its Condominium Documents recorded in the Official Records of Broward County.

7. The Declaration of the Association prohibits owners from inhabiting their units more than sixty (60) days in a year and they are required to be used for transient occupancy. The hotel was marketed and designed to be a hotel with the unit owners given the ability to rent out their units on their own or through a hotel program run through the Shared Facilities Unit Owner. See Exhibit "A."

8. The value of Adversary Plaintiffs investment requires is contingent upon the ability to rent out the units. The common elements at the Resort are maintained by fees paid by each unit owner to the COSTA HOLLYWOOD CONDOMINIUM ASSOCIATION, INC., and fees paid to COSTA HOLLYWOOD PROPERTY OWNERS, LLC to provide resort amenities including check-in desks for transient renters.

9. Based on the Declaration of Condominium, (hereinafter the "Declaration"), what would be known as common elements are part of the Shared Facilities Unit, owned, managed and maintained by the Shared Facility Unit Owner. Under Article 7.3 of the Declaration, PUOs are obligated for

the full payment of all expenses incurred by the SFUO in connection with the maintenance, repair, replacement, improvement, management, operation and insurance of the shared facilities.

10. Moreover, the Declaration provides that the SFUO is entitled to establish reasonable rules and regulations regarding the use of shared facility and transient rental procedures. Article 16.9 specifically provides that PUOs may rent their own units or hire an agent to do so, with no obligation that PUOs use the SFUO's rental program[1].

11. Although the terms and conditions are provided for in Article 16.9 of the Declaration, the SFUO has recently enacted a Rule requiring, among other things, a $25,000.00 security deposit for each unit a PUO decides to rent through anyone other than the SFUO or its agents.

12. Plaintiff was a party and had filed a Motion to Intervene in State Court before the debtor declared bankruptcy. As alleged in the State Court action and in the Trustee's Motion for an that the subject property—including each and every unit owned by the PUOs—is in jeopardy of an immediate loss due to the intentional malfeasance of COSTA HOLLYWOOD PROPERTY OWNER LLC and its principal Moses Bensusan.

13. Specifically, Plaintiff alleges that the Condo Association is being mismanaged and the Condo Fees being collected from PUOs are being collected and used by the Property Manager for personal use.

## ADVERSARY PLAINTIFF OWNS A UNIT AND IS DIRECTLY AFFECTED BY THE CURRENT PROCEEDING

14. COSTA HOLLYWOOD was marketed as a condominium hotel. From the opening of the building, unit owners were permitted to rent out their units with minimal restrictions.

---

[1] PUOs are not permitted to live in their units for more than six months per year, pursuant to Fla. Stat. Chapter 718 and the Declaration.

15. Section 16.9 of the Condominium Declaration of Costa Hollywood recorded on November 22, 2017 provides as follows:

> 16.9 <u>Transient Rental Procedures</u>. In addition to any other Rule or Regulation, any and all Transient Rentals of a Residential Unit must comply with the following.
>
> (a) Prior to the commencement of any Transient Rental, the Residential Unit Owner allowing the Transient Rental (the "Renting Owner") shall provide to the Shared Facilities Manager, the name and phone number of an individual that will be the designated contact for the renter (the "Guest") for any issues regarding his/her stay and written confirmation from the designated individual that they will be available 24 hours a day, seven days a week during the entire period of the Transient Rental.
>
> (b) The Renting Owner shall have an individual (whose name and phone number are first provided to Shared Facilities Manager) personally greet the Guest at the time of check-in.
>
> (c) The Renting Owner must have on file with the Shared Facilities Manager, prior to commencement of the Transient Rental, the name and contact information, for a housekeeping person, and engineer/service company that is bonded, background checked, insured and available on a 24 hour a day, seven day a week basis to respond to a Guest's requests (within 2 hours) either for Unit service or housekeeping. All such persons and/or companies shall provide to the Shared Facilities Manager, prior to the Transient Rental, written confirmation of their retention by the Renting Owner and willingness and ability to comply with these requirements, and provide appropriate bonds and insurance certificates. All such background checks, bonding and insurance requirements shall be established from time to time by the Shared Facilities Manager.
>
> (d) Each Guest, if they did not rent directly from the Hotel, must sign a letter at check-in: (i) acknowledging and agreeing that they did not rent through the Hotel, (ii) acknowledging and agreeing that the Hotel has no ability to provide service to the room, (iii) acknowledging and agreeing that the Hotel cannot confirm that the furnishings, linens, or condition of the Residential Unit are to Hotel standards (iv) disclosing to the Guest the contact numbers for the parties discussed in items (a) through (c) above (e.g., designated contact, greeter, housekeeping contact, maintenance service contact, etc.) ; and (v) disclosing that the Hotel has no discretion to authorize an extension of a stay and/or a credit or refund of any sums paid by the Guest.
>
> (e) Prior to the commencement of any Transient Rental, the Renting Owner shall provide to the Shared Facilities Manager evidence of commercial liability insurance in the amount of five million dollars ($5,000,000), which policy shall name the Shared Facilities Unit Owner

      as a named additional insured with a right of not less than ten (10) days' prior written notice of cancellation (or is such other amounts and meeting such other requirements established from time to time by the Shared Facilities Manager). Such policy shall have a term of not less than one (1) year and each Renting Owner shall provide the Shared Facilities Parcel Owner with evidence of renewal not less than fifteen (15) days prior to the expiration thereof for so long as such Owner is required to maintain such policy hereunder.

(f) Prior to the commencement of any Transient Rental, the Renting Owner shall provide to the Shared Facilities Manager, the name, address, cell and email information for the Guest, including check-in and check-out dates.

(g) No Transient Rental may be procured (or will be allowed if procured) through means including a violation of any intellectual property rights of the Hotel.

(h) The Shared Facilities Unit Owner shall have the right to charge reasonable fees for use of the Shared Facilities by a Renting Owner's Guest.

(i) Renting Owner must provide evidence to the Shared Facilities Manager that Renting Owner has secured and maintains any and all licenses required for the operation of Transient Rentals and that all requirements for operation of the unit as public lodging have been met.

(j) Renting Owner must provide evidence to the Shared Facilities Manager that Renting Owner has timely paid to all City, County, State and Federal taxes (other than income taxes) relating to the Transient Rental of the Unit

(k) No Transient Rental shall be permitted if any of the foregoing are not timely complied with or if any Assessments and/or payment of Shared Costs are delinquent.

Notwithstanding anything contained to the contrary herein, the provisions of this Section 16.9 may be amended by the affirmative vote of the Shared Facilities Unit Owner alone, without requiring the consent of the Association or any other Unit Owner or party whatsoever.

16. On or about April 16, 2019, the building attempted to change the rules for owners who do not rent through the hotel program. See attached Exhibit "B."

17. Specifically in contravention of the Condominium Declaration, the building through the Defendants in this matter attempted to impose the following restrictions on transient rentals:

    a. Requiring a $25,000.00 deposit to be paid to Costa Hollywood Property Owner, LLC, for each unit that was not rented through the hotel program;

    b. Requiring a $5,000,000.00 per occurrence liability policy for each unit;

  c. Unreasonably refusing to provide more than one set of electronic keys to access the units;

  d. Prohibiting check-in and check-out on the weekends, and,

  e. Unreasonably and for no legitimate purpose requiring the actual manager to present for each check-in.

18. Through negotiations with some unit owners, COSTA HOLLYWOOD PROPERTY OWNER, LLC, originally agreed to waive the new requirements but on July 12, 2019, issued new requirements including a requirement that a deposit in the amount of $14,900.00 be paid to COSTA HOLLYWOOD PROPERTY OWNER, LLC.

19. Additionally, in the new regulations issued July 12, 2019, housekeeping by unit owners not participating in the hotel program is no longer allowed on the weekends—effectively preventing any weekend check-ins for new transient renters.

20. COSTA HOLLYWOOD PROPERTY OWNER, LLC, also indicated in the rules promulgated on July 12, 2019 that they intend to charge transient renters not renting through the hotel program $50 per day as a resort fee-double the fee charged by the hotel program for units rented through their program.

21. Additionally, COSTA HOLLYWOOD PROPERTY OWNER, LLC has refused to provide keys to adversary/Plaintiff's appointed representative.

22. Due to the arbitrary and unreasonable restrictions placed by COSTA HOLLYWOOD, the Plaintiff is being injured and has been losing approximately $4000 per month since May 2019.

## COUNT I INJUNCTION

23. Plaintiff, MAXCOM ADVISORS, LLC, reasserts and realleges paragraphs 1 through 22 as if fully set forth herein.

24. Florida Statute 718.303(1) provides that any unit owner may file suit for injunctive relief due to a failure to comply with the provisions of Florida Statutes Chapter 718, the Declaration, the documents creating the association, and the association bylaws to obtain relief for non-compliance.

25. Plaintiff is suffering irreparable harm by being forced to leave its unit vacant, cancelling reservations, and refusing Plaintiff access to the unit.

26. Plaintiff has no adequate remedy at law.

27. Plaintiff has a substantial likelihood of success on the merits of this action.

28. A temporary injunction will serve both Plaintiff and the public interest.

29. Plaintiff has retained the undersigned counsel and is required to pay said counsel reasonable fees to bring this suit.

30. Pursuant to the Declaration and Florida Statute Section 718.303 the prevailing party is entitled to an award of attorney's fees and costs.

WHEREFORE, the Plaintiff, MAXCOM ADVISORS, LLC, respectfully request that this Honorable Court enter a temporary and permanent injunction enjoining the Defendant from violating the Declaration by increasing the deposits, increasing the liability policies, and creating overly burdensome restrictions on rentals of Plaintiff unit,  and for such other relief that the Court deems just and proper.

Dated this 27th of November, 2019.               Respectfully submitted,
                                                 THE ORLOFSKY LAW FIRM, P.L.
                                                 COUNSEL FOR
                                                 MAXCOM ADVISORS LLC,
                                                 767 Arthur Godfrey Road
                                                 Miami Beach, Florida 33140
                                                 Telephone: 305-538-2344
                                                 Facsimile:  305-907-5248


                                                 By: /s Alexander S. Orlofsky_____
                                                      ALEXANDER S. ORLOFSKY, ESQ.
                                                      alex@orlofskylawfirm.com
                                                      Florida Bar No. 676705